J-S32033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.S.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 762 EDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000330-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: S.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 763 EDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0001331-2017

| | | |
|---|---|---|
| IN THE INTEREST OF: L.E.J.-S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 764 EDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-AP-0000331-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: L.J.-S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 765 EDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001333-2017

|  |  |  |
|---|---|---|
| IN THE INTEREST OF: K.L.J.-S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 766 EDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000332-2019

|  |  |  |
|---|---|---|
| IN THE INTEREST OF: K.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: S.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 767 EDA 2020 |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001334-2017

|  |  |  |
|---|---|---|
| IN THE INTEREST OF: S.S.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: S.S., MOTHER | : | |
| | : | |

J-S32033-20

|                          | : |                          |
| :----------------------- | :-- | :----------------------- |
|                          | :   |                          |
|                          | :   | No. 768 EDA 2020         |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000333-2019

| IN THE INTEREST OF: S.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| :--- | :-- | :--- |
|                          | : |                          |
|                          | : |                          |
|                          | : |                          |
| APPEAL OF: S.S., MOTHER  | : |                          |
|                          | : |                          |
|                          | : |                          |
|                          | : |                          |
|                          | : |                          |
|                          | : | No. 769 EDA 2020         |

Appeal from the Order Entered February 6, 2020
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001332-2017

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 21, 2020**

Appellant S.S. (Mother) appeals from the orders involuntarily terminating her rights to 11-year-old son S.J., 9-year-old daughter S.W., 6-year-old daughter L.S.-J., and 3-year-old daughter K.J. (aka K.L.J.-S.)

_____

[*] Retired Senior Judge assigned to the Superior Court.

(collectively, the Children) pursuant to the Adoption Act.[1, 2] *See* 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b). After review, we affirm.

The relevant factual and procedural history is as follows: The family came to the attention of the Philadelphia Department of Human Services (DHS) in 2015 after receiving a report that the school-aged Children were truant from the Philadelphia School District. DHS monitored the situation by conducting investigations and home visits, and ultimately determined that the Children were safe. Still, DHS held a single case plan meeting to establish various goals to stabilize the family.

In December 2016, Mother was arrested on a simple assault charge, pleaded guilty, and received a sentence of 12 months of probation. Thereafter, DHS was unable to verify that the Children received medical care. Mother was using marijuana and failed to follow through with her single case plan goals. DHS filed dependency petitions in May 2017.

In June 2017, the juvenile court adjudicated the Children dependent; however, they were not removed from Mother's physical care. The court ordered DHS to implement services and referred Mother for a dual mental

_____

[1] We note that S.J. was nearly 12 years old at the time of the termination hearing. We note further that another child, 15-year-old daughter A.J., was also a part of the family's dependency proceedings, but her case remains open, because she ran away from her placement and her whereabouts were unknown at the time of the termination hearing.

[2] The parental rights of the Children's fathers were also terminated; only S.W.'s father (D.W.) appealed. That appeal, docketed at 778 EDA 2020, is also before this panel, but it is addressed by a separate memorandum.

health and drug/alcohol evaluation. The court further ordered DHS to provide various necessities, including beds, for the Children. At the ensuing permanency review hearing in September 2017, the court learned Mother was incarcerated following a probation violation; and by December 2017, the juvenile court placed the Children in the care of the Maternal Grandfather. The Children were eventually placed in three separate pre-adoptive foster homes; two of the children, L.S.J. and K.J., are placed together. In any event, none of the Children returned to Mother's care after December 2017.

By May 2018, Mother was released. DHS revised Mother's single case plan to designate the following reunification goals: 1) ensure the children attended school; 2) ensure the Children received proper medical care; 3) participate in family therapy; 4) participate in DHS evaluations – including drug/alcohol and mental health – and follow treatment recommendations; 5) complete drug screens; 6) maintain supervised visitations; 7) pursue parenting, housing, and employment resources.

Mother remained largely noncompliant with these goals. In April 2019, DHS petitioned for the termination of Mother's rights and to change the goal of the dependency case from reunification to adoption. The trial court conducted the consolidated hearing over the course of two dates: November 26, 2019 and February 6, 2020. The court granted the petitions and terminated Mother's rights. Mother timely filed this appeal.

Mother presents the following issues[3] for review:

> 1. Whether the trial court committed reversible error, when it involuntarily terminated [M]other's parental rights where such determination was not supported by clear and convincing evidence under the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5) and (8).

> 2. Whether the trial court committed reversible error when it involuntarily terminated [M]other's parental rights without giving primary consideration to the effect that the termination would have on the developmental, physical and emotional needs of the [C]hildren as required by the [A]doption [A]ct, 23 Pa.C.S.A. § 2511(b)?

Mother's Brief at 8.

We review these issues mindful of our well-settled standard of review.

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

---

[3] Mother evidently decided to forgo her challenge to the trial court's decision to change the Children's goal from reunification to adoption.

Termination of parental rights is governed by Section 2511 of the Adoption Act, which requires a bifurcated analysis.

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child[.]

*In re C.M.K.*, 203 A.3d 258, 261-262 (Pa. Super. 2019) (citation omitted).

In this case, the court terminated Mother's parental rights pursuant to subsections 2511(a)(1)(2), (5), (8), and (b). Those subsections provide:

> **(a)** **General rule**.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> > (1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.
> >
> > (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.
> >
> > [...]
> >
> > (5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal

- 7 -

or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

[…]

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

[…]

**(b) Other considerations.--**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1) ... or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b).

This Court need only agree with the court as to any one subsection of 2511(a), as well as subsection 2511(b) in order to affirm. *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). Therefore, we analyze the trial court's decision to terminate under Section 2511(a)(2) and (b).

We begin with Section 2511(a)(2). Regarding this section, we have previously stated the following:

> In order to terminate parental rights pursuant to 23 Pa.C.S.A § 2511(a)(2), the following three elements must be met: (1) repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied.

*In re Adoption of M.E.P.,* 825 A.2d 1266, 1272 (Pa. Super. 2003) (citation omitted). Moreover, "[t]he grounds for termination due to parental incapacity that cannot be remedied are not limited to affirmative misconduct. To the contrary, those grounds may include acts of refusal as well as incapacity to perform parental duties." *In re B.J.Z.*, 207 A.3d 914, 922-923 (Pa. Super. 2019) (citation omitted).

Although Mother acknowledges her past incapacity, Mother argues there was insufficient evidence to indicate that she was presently incapable of parenting the Children under Section 2511(a)(2). For support, Mother presents two arguments. First, Mother agues there was no evidence of present incapacity because: "The father of the [C]hildren, C.R., was current with his SCP goals…" and that "Father has availed himself of every service available to him in order to be reunited with his [C]hildren." *See* Mother's Brief at 18. This argument is wholly without merit. We note that there are

three listed fathers in this case, and none of them have the initials "C.R."[4] Even if we were to consider the availability of fathers in this analysis, we observe that the court, in adjudicating the Children dependent, also found them to be without their fathers' care. This remained the case throughout the dependency proceedings, which is why the trial court terminated the parental rights of the respective fathers as well as Mother. Mother's first argument is without merit.

Second, Mother argues that she was current with the reunification goals, because she "had either completed or was in the process of completing her remaining [single case plan] objectives" at the time of the termination hearing. ***See*** Mother's Brief at 18. The trial court determined that DHS presented clear and convincing evidence to the contrary. Although Mother completed certain parenting programs and assessments, Mother did not follow through with mental health or drug/alcohol treatment recommendations. Likewise, Mother did not achieve stable housing, nor was Mother consistent with her visitations with the Children. In fact, visitations with S.W. and L.J.S. had been suspended because of Mother's behavior. In her Brief, Mother cites to no evidence, nor testimony, nor relevant case law to illustrate how the trial court's determinations were unsupported by the record. Upon our review, we conclude that the trial court did not abuse its discretion when it found DHS met its burden of proof under Section 2511(a)(2).

---

[4] S.J.'s father is deceased.

Having concluded that termination was warranted under Section 2511(a)(2), we address whether termination best served the Children's needs and welfare under Section 2511(b). Regarding this portion of the analysis, we have previously stated:

> Section 2511(b) focuses on whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of the child. As this Court has explained, section 2511(b) does not explicitly require a bonding analysis and the term "bond" is not defined in the Adoption Act. Case law, however, provides that analysis of the emotional bond, if any, between parent and child is a factor to be considered as part of our analysis. While a parent's emotional bond with his or her child is a major aspect of the subsection 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child.
>
> > [I]n addition to a bond examination, the trial court can equally emphasize the safety needs of the child, and should also consider the intangibles, such as the love, comfort, security, and stability the child might have with the foster parent. Additionally, this Court stated that the trial court should consider the importance of continuity of relationships and whether any existing parent-child bond can be severed without detrimental effects on the child.

*In re Adoption of C.D.R.*, 111 A.3d 1212, 1219 (Pa. Super. 2015) (quotation marks and citations omitted).

Regarding her second appellate issue, Mother focuses only on the bond aspect of the Section 2511(b) analysis. She argues the court abused its discretion by terminating her rights under Section 2511(b), because DHS did not provide sufficient evidence concerning the lack of parental bonds between

her and the Children. She explains that the caseworker, who took over the case two months before the termination hearing, could not testify about the bonds because she never witnessed a visit. *See* Mother's Brief at 20-21.

The trial court opined that sufficient evidence existed, notwithstanding the fact that the caseworker did not personally observe any interactions between Mother and the Children. For instance, K.J., who is 3 years old, has lived outside of Mother's care for the vast majority of her short life. Mother has not consistently visited with K.J.; and when there were visits, K.J., only considered such visits as playtime.

As mentioned above, S.W., age 9, and L.J.S., age 6, had their visits suspended with Mother. S.W. had significant behavioral issues, but after the visits were suspended, S.W.'s behavior improved and has excelled academically. Like her younger sister K.J, L.J.S. also considered visits with Mother to be playtime. Moreover, when visits were suspended, L.J.S. was unaffected.

The caseworker testified that S.J., age 11, considers Mother more like a family friend. He also told the caseworker he wishes to remain with his pre-adoptive foster parent, although he does not mind having visits with Mother. The caseworker testified that all of the Children appear bonded to their respective foster parents, to whom they view as the source of love and security.

Upon our review, we agree with the trial court's determinations. Parental rights may be terminated notwithstanding the existence of a parent-

child bond. When examining the effect upon a child of severing a bond, courts must examine whether termination of parental rights will destroy a "necessary and beneficial relationship," thereby causing a child to suffer "extreme emotional consequences." *In re E.M.*, 620 A.2d 481, 484-85 (Pa. 1992). Here, even if there were bonds between Mother and the Children, none of them were worth preserving. The Children had been without parental care for nearly three years at the time of the termination hearing. Importantly, the two older Children explicitly preferred adoption and the two younger Children do not consider Mother to be their parent. Clearly the Children's needs and welfare would best be served by terminating Mother's rights. Thus, we conclude the trial court did not abuse its discretion in finding that DHS met its burden under Section 2511(b). Mother's second appellate argument is without merit.

In sum, we conclude the trial court did not err or commit an abuse of discretion by finding involuntary termination of Mother's rights was warranted under Section 2511(a)(2) and (b) of the Adoption Act.

Orders affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/20

- 13 -